# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| Mary Gibson<br><br>　　　Plaintiff,<br><br>v.<br><br>Valentine & Kebartas, Inc.<br><br>　　　Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Kenosha, WI at all times relevant to this action.

2. Defendant is a Massachusetts corporation that maintained its principal place of business in Lawrence, MA at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, the Court has Federal Question Jurisdiction over Plaintiff's claims under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq, ("FDCPA").

4. Pursuant to 28 U.S.C. §1331, the Court has Federal Question Jurisdiction over Plaintiff's claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq, ("TCPA").

5. Pursuant to 28 U.S.C. §1367(a), the Court also has Supplemental Jurisdiction over Plaintiff's claims under the TCPA because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

6. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

7. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

8. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

9. The principal source of Defendant's revenue is debt collection.

10. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

11. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to a creditor, which had been incurred for personal rather than commercial purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

13. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

14. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

15. On or around September 13, 2010, Plaintiff retained an attorney to file bankruptcy.

16. On or around February 26, 2011, Defendant telephoned Plaintiff in connection with the collection of the debt.

17. During this communication, Plaintiff notified Defendant that Plaintiff was represented by a bankruptcy attorney and provided Plaintiff's attorney's contact information.

18. Despite this notice, Defendant telephoned Plaintiff in connection with the collection of the debt thirty-six times between March 1 and April 28, 2011.

19. Despite this notice, on or around March 28, 2011, Defendant willingly and knowingly used an automatic telephone dialing system to call Plaintiff's cellular telephone number and left a prerecorded voice message in Plaintiff's voicemail.

20. This prerecorded voice message was composed entirely of the following statement:

    "This is a very important message for Mary Gibson. This is not a sales or marketing phone call. Press the 1 key now or call us back at 800-731-7766. Thank you."

21. Defendant caused Plaintiff emotional distress.

22. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

24. In support hereof, Plaintiff incorporates paragraphs 15-20 as if specifically stated herein.

## COUNT TWO

### Violation of the Telephone Consumer Protection Act

25. Defendant violated 47 U.S.C. § 227(b)(1)(A) by calling Plaintiff's cellular telephone using both an automatic telephone dialing system and a prerecorded voice without Plaintiff's prior express consent.

26. In support hereof, Plaintiff incorporates paragraphs 19-20 as if specifically stated herein.

## JURY DEMAND

27. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

28. Plaintiff prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. For such other legal and/or equitable relief as the Court deems appropriate.

>RESPECTFULLY SUBMITTED,
>
>Legal Helpers, P.C.
>
>By: /s/ Nicholas J. Prola
>    Nicholas J. Prola
>    233 S. Wacker Dr., Suite 5150
>    Chicago, IL 60606
>    Telephone: 866-339-1156
>    Fax: 312-822-1064
>    Email: npr@legalhelpers.com
>    Attorneys for Plaintiff